Lorn INGRAM, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13649.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 28, 1985.

Motion for Rehearing or to
Transfer to Supreme Court
Denied Feb. 14, 1985.

Application to Transfer Denied
April 2, 1985.

Holly G. Simons, Columbia, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Lorn Ingram was jury-convicted of capital murder and sentenced to life imprisonment without possibility of parole for fifty years. The conviction was affirmed. *State v. Ingram*, 607 S.W.2d 438 (Mo.1980).

The substantive facts outlined in that opinion, sufficient to sustain the conviction, are that Ingram shot and killed a companion, Joe Trent, following an argument between the two, after a day spent drinking beer, running errands, and other pursuits.

Ingram then filed a motion to vacate his conviction. Rule 27.26.[1] Claims raised in the motion relative to this appeal were that trial counsel was ineffective because he did not 1) "argue the defense of intoxication and by not submitting an instruction to that effect," and 2) investigate the possible defense of not guilty by reason of mental disease or defect in a timely manner. The trial court held an evidentiary hearing on the motion, after which it entered findings of fact, conclusions of law, and a judgment denying post-conviction relief.

In its findings, the trial court stated that Ingram, at the hearing, produced no credible evidence, as is required by Rule 27.-26(f), to show that at the time of the killing he was intoxicated to the degree that he suffered from diminished mental capacity, which would have, at time of trial, negated the existence of the mental state required for a capital murder conviction. § 562.-076.[2] The trial court further found that Ingram produced no credible evidence at the hearing to show that he was suffering from any mental disease or defect at the time of the shooting. In its conclusions of law, the trial court found that Ingram was effectively represented at trial by competent counsel.

A thorough review of the record convinces us that the judgment of the trial court denying the motion to vacate was based on findings of fact and conclusions of law that were not clearly erroneous. Rule 27.26(j). This being so, and after determining that no error of law occurred, and that an extended opinion would have no precedential value, the trial court's judgment is affirmed. Rule 84.16(b).

TITUS, P.J., and FLANIGAN, J., concur.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

2. This statute, effective January 1, 1979, was amended by the legislature effective October 1, 1984, to restore the long entrenched Missouri rule, uprooted in 1979, that voluntary intoxication is not admissible to negate the specific intent element of a crime. However, it was in effect at the time of Ingram's trial.